COURT OF CRIMINAL APPEALS WRIT NO. WR-82,778-01
TARRANT COUNTY WRIT NO. C-396-010272-1152016-A

EX PARTE    MOTION DENIED                §
            DATE: 3-18-15                 §  IN THE TEXAS COURT OF CRIMI-
            BY:                           §  NAL APPEALS, AUSTIN, TX.
DESMOND LEDET                             §

MOTION REQUESTING THIS COURT TO COMPEL THE PRODUCTION OF THE AL-
LEGED VICTIM'S(MELVINNA LEE) MISDEMEANOR & FELONY CONVICTION RE-
    CORD FOR THE FULL AND FAIR RESOLUTION OF THE GROUNDS #29

I, Desmond Ledet("Applicant), humbly request that this honora-
ble Court will **COMPEL THE PRODUCTION OF THE ALLEGED VICTIM'S**(MEL-
VINNA LEE) **MISDEMEANOR & FELONY CONVICTION RECORD TO RESOLVE AP-
PLICANT'S GROUND #29 Specifically.** The evidence of her convict-
ion record will also pertain to Grounds #27 & 28. This request
is very brief(page A-C ). The majority of the pages herein con-
sist of attachements that are: (1) A motion to compel trial court
never responded to(filed last year on Oct.9th); ane (2) A subse-
quent request for a "full and fair" evidentiary hearing to deve-
lop the facts on the issue raised in Ground #29(& 27 & 28). I
humbly and respectfully present:

   1:  The trial court during the whole 6 months that my writ
       was in Tarrant County entirely failed to address in any
       manner my allegations in Ground #29 that the State ille-
       gally bolstered the complainant's credibility, **in my
       trial,with false and misleading information, through
       TESTIMONY** of it's witness.

   2:  I attached police reports containing information that
       proved she had atleast misdemeanor convictions, and a
       public information request refusal from the city of Fort
       Worth refusing to **disclose,** evidence of her conviction
       record(See Exhibit P, Memorandum).

   3:  The trial court only designated my ineffective assistan-
       ce of counsel grounds to be resolved and ignored the
       rest of the grounds raised(#29, etc.) against the State.

   4:  Instead the trial court simply let the State address my
       grounds against the State,**AND SIMPLY ADOPTED IT.**

p.A

(2 documents are attached as
exhibits incorporated into
this motion to compel)

5: The trial court's action in this regard is unfair and denies me due process.

6: In both of the attached documents that were filed in the trial court months before the State proposed it's incorrect/false findings in this matter, and prior to the trial court adopting those findings, I begged the trial court to compel the production of the complainant-'s misdemeanor/felony conviction record, and to atleast have a hearing on the matter.

7: Both attached documents are time filed stamped Oct.9th, 2015. Plus I filed other motions requesting a hearing , and specifically requested a hearing in the Memorandum also.

8: City of Arlington Police report NO.08-65771 state's on the last narrative page that one of the warrants she was taken into custody for(Warrant #0003349163 is for a **"SUBSEQUENT CONVICTION"**. That's PROOF she has convictions by the preponderance of the evidence that I attached to the writ.

9: The trial court erroneously adopted the State's propos-finding false claiming: "Applicant presents no evidence that the victim had prior convictions." See State's Proposed...Findings...Conclusions..., p.10, §59, & p.20, §66-67----which refers to Ground #**29**.(in part).

10: Fort Worth Offense Report(No.02280218) indicates twice that Melvinna Lee **"HAS A CRIMINAL RECORD"** which includes **"RESISITING ARREST"** & **"FAILURE TO IDENTIFY TRUTH-FULLY"** also attached to the writ.

11: To avoid repetition I HERE AND NOW INCORPORATE THE NOW ATTACHED MOTION TO COMPEL THAT WAS FILED **IN THE TRIAL** COURT, & THE SUBSEQUENT REQUEST FOR A "FULL AND FAIR HEARING", **INTO THIS REQUEST IN THE COURT OF CRIMINAL APPEALS AND REASSERT THEM HERE AND NOW TO RESOLVE GROU-ND #29,** etc.

12: Everything this Court needs to see to justify granting this motion is in the writ application for Ground #29 , all of the attached police reports and Exhibit P, and the attached motion to compel in the trial court now attached(& and the attached motion for an evidentiary hearing.

## PRAYER

I, am pro-se, and do not know what action is best for you to take in this matter. All I know is to inform you that the State

has provided you with false information in this matter, and the trial court has adopted that false information as if it was true and presented it to your Court. Please take whatever action you deem neeeded to get to the truth of the matter. From the information I have provided it is clear that Melvinna Lee had multiple misdemeanor convictions atleast, and possibly a felony or more. Misdemeanor convictions for sure. My conviction is void because it was had based on material false information violating Due Process. If you think you should remand Ground #29 to the trial court, or demand that the trial court order the State to produce the record of every conviction Melvinna Lee has(Misdemeanor, etc.), or whatever action you take to fairly resolve the issue I will be satisfied. Can you on your own simply demand the production of Melvinna Lee's entire conviction record in order to establish the proper facts? The trial court did not seem to want to make any findings against the State. I pray that you take whatever action you think is best to compel the factual evidence of Lee's conviction record to resolve the Grounds.

Respectfully Submitted,

Desmond Ledet  #01651095
Telford Unit
3899, State Hwy.98
New Boston, TX  75570

p.C